FILED

2016 OCT 11 PM 4:50

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Darrel Pickett, *on behalf of himself and others similarly situated*, | Case No. 6:16-CV-1765-ORL-40-KRS |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | Jury Trial Demanded |
| Nelnet, Inc., | |
| Defendant. | |

### Nature of this Action

1. Darrel Pickett ("Plaintiff") brings this class action against Nelnet, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b) as the acts and transactions giving rise to Plaintiff's action occurred, in part, in this district, and as Defendant transacts business in this district.

### Parties

5. Plaintiff is natural person who at all relevant times resided in Orlando, Florida.

6. Defendant is a corporation headquartered in Lincoln, Nebraska.

1

7. Defendant "provides education related products and services, and student loan asset management services in the United States and internationally." http://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=4279195

8. Defendant "is involved in loan servicing activities, such as loan conversion, application processing, borrower updates, customer service, payment processing, due diligence procedures, funds management reconciliation, and claim processing activities for the company's student loan portfolio, as well as for third-party clients." *Id.*

9. Defendant "also provides software and data center, borrower and loan updates, default aversion tracking, and post-default collection services for guarantee agencies; and contact center solutions, as well as licenses student loan servicing software to third-party student loan holders and servicers." *Id.*

10. A change of contact information form that Defendant uses asks consumers to check a box that reads: "I certify that I am the subscriber to the provided cellular or other wireless number and I authorize the school, the lender, the guarantor, the department, and their respective agents and contractors to contact me regarding servicing or repaying my loan(s) at any current and future numbers that I provide for my cellular telephone or other wireless device using automatic dialing systems, artificial or pre-recorded messages, and/or SMS text messages, even if I will be charged by my service provider(s) for receiving such communications." https://www.nelnet.com/documents/marketing/pdf/Nelnet-Statement-Guide.pdf

11. In August 2015, the United States District Court for the Middle District of Florida finally approved a class action settlement that Nelnet entered into regarding a class consisting of:

> All persons in the United States to whose cellular telephone Defendant placed a non-emergency telephone call or text message using an automatic telephone dialing system or an artificial or prerecorded voice from February 21, 2010, to February

2

26, 2015, where Defendant did not have express consent to call said cellular telephone number.

*Cooper v. Nelnet, Inc.*, No. 6:14-cv-00314-RBD-DAB, Document 85 (M.D. Fla. Aug. 4, 2015).

**Factual Allegations**

12.     Months after Plaintiff obtained a new cellular telephone number—(407) 545-XXXX—Defendant began placing calls to it.

13.     Defendant placed at least one call to Plaintiff's cellular telephone number on March 15, 2016, April 1, 2016, June 15, 2016, and June 21, 2016.

14.     Defendant placed at least three calls to Plaintiff's cellular telephone number on June 20, 2016.

15.     Upon information and good faith belief, Defendant placed additional calls to Plaintiff's cellular telephone number.

16.     Defendant placed some, if not all of its calls to Plaintiff's cellular telephone number, from (844) 801-9993.

17.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

18.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

19.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically

dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

20. Plaintiff answered at least one of Defendant's calls to his cellular telephone number.

21. When Plaintiff spoke with Defendant he informed Defendant that he was not the individual Defendant intended to reach by placing calls to his cellular telephone number, and asked Defendant to stop placing calls to his cellular telephone number.

22. Defendant, nonetheless, continued to place calls to Plaintiff's cellular telephone number.

23. Plaintiff is not, nor was, one of Defendant's customers.

24. Plaintiff does not have, nor had, a business relationship with Defendant.

25. Plaintiff did not provide Defendant with his cellular telephone number.

26. Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system.

27. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

28. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

29. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

30. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

31. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place the calls to Plaintiff's cellular telephone number.

32. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

33. Plaintiff suffered actual harm as a result Defendant's calls in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

34. As well, Defendant's calls at issue depleted or consumed, directly or indirectly, cellular telephone minutes for which Plaintiff paid a third party.

35. Moreover, Defendant's calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

36. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to a cellular telephone service.

## Class Allegations

37. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons and entities throughout the United States (1) to whom Nelnet, Inc., placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from February 27, 2015 through the date of this complaint, (5) absent prior express consent—in that the called party was not the intended recipient.

38. The proposed class specifically excludes the United States of America, the State of Florida, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

39. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

40. The exact number of the members of the class is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

41. The members of the class are ascertainable because the class is defined by reference to objective criteria.

42. In addition, the class is ascertainable because, upon information and belief, cellular telephone numbers, names, and addresses of the members of the class can be identified in business records maintained by Defendant and by third parties.

43. There exists a well-defined community of interest in the questions of law and fact that affect the members of the class.

44. Plaintiff's claims are typical of the claims of the members of the class.

45. As it did for all members of the class, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without prior express consent, and in violation of 47 U.S.C. § 227.

46. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice and procedure on the part of Defendant.

47. Plaintiff's claims are based on the same theory as are the claims of the members of the class.

48. Plaintiff suffered the same injuries as each of the members of the class.

49. Plaintiff will fairly and adequately protect the interests of the members of the class.

50. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

51. Plaintiff will vigorously pursue the claims of the members of the class.

52. Plaintiff has retained counsel experienced and competent in class action litigation.

53. Plaintiff's counsel will vigorously pursue this matter.

54. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

55. Questions of law and fact common to the members of the class predominate over questions that may affect individual class members.

56. Issues of law and fact common to all members of the class are:

    a. Defendant's violations of the TCPA;

    b. The existence of Defendant's identical conduct;

c. Defendant's use of an automatic telephone dialing system as defined by the TCPA; and

d. The availability of statutory penalties.

57. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

58. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

59. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

60. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

61. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

62. The damages suffered by each individual member of the class may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

63. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

64. There will be little difficulty in the management of this action as a class action.

65. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

66. Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1-65.

67. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to Plaintiff's cellular telephone number, absent prior express consent.

### Trial by Jury

68. Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Date: September 27, 2016

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Michael L. Greenwald
James L. Davidson
Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class